IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KIM REINDL and**
**MARY JOAN REINDL,**

       **Plaintiffs,**

                             **CIVIL ACTION**
   **vs.**                           **No. 04-2584-GTV**

**CITY OF LEAVENWORTH,**
**KANSAS, et al.,**

       **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiffs Kim and Mary Joan Reindl filed this action against Defendants City of Leavenworth, Kansas and six officers of the Leavenworth, Kansas police department, in both their individual and official capacities. Plaintiffs' claims arise out of the alleged beating Lewis Kelly Reindl received from Leavenworth, Kansas, police officers on December 6, 2002, which Plaintiffs contend caused his death. Plaintiff Kim Reindl is the official representative of the estate of the decedent, Lewis Kelly Reindl, and Plaintiff Mary Joan Reindl is Lewis Kelly Reindl's mother.

Plaintiffs' complaint alleges constitutional rights violations pursuant to 42 U.S.C. § 1983, as well as separate state law claims grounded in assault, battery, false imprisonment, intentional and negligent infliction of emotional distress, outrageous conduct, libel, slander, right of privacy,

discrimination, malicious prosecution, excessive force, and wrongful death.[1]

This action is before the court on Defendants' motion to dismiss (Doc. 7). Defendants argue that several of Plaintiffs' state law claims are barred by applicable statutes of limitation. Defendants also assert that Plaintiffs' complaint fails to allege compliance with the notice provisions contained in K.S.A. § 12-105b, as required by Fed. R. Civ. P. 9(c). For the reasons set forth below, Defendants' motion is granted in part and denied in part.

## I. Factual Background

The following facts are taken from the allegations contained in Plaintiffs' complaint.

On the evening of December 6, 2002, Officer James Bridges of the Leavenworth police department pulled over Lewis Kelly Reindl as he was driving out of the parking lot of the Ten Penny Restaurant in Leavenworth, Kansas, because he failed to activate the headlights on his vehicle. Mr. Reindl exited his car and walked around to the passenger side so that he could remove the vehicle registration and insurance documents from the glove box. Plaintiffs allege that Mr. Reindl was an "exceedingly heavy man," and therefore, he could not physically reach across the front seat of the car to remove the documents. Officer Bridges repeatedly instructed Mr. Reindl to get back into his car. At some point, Mr. Reindl started to approach Officer Bridges. In response, Officer Bridges pepper sprayed Mr. Reindl because he felt threatened. Officer Bridges also struck Mr. Reindl several times with his baton.

Officers Wayne Flewelling, Sean Goecke, Nicholas Nordmann, and David O'Brien

---

[1] Plaintiffs invoke this court's federal question jurisdiction and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

eventually arrived on the scene. Officer Flewelling's police report states that Mr. Reindl informed the police officers present that he could not breathe, that he needed nitroglycerin, and that he could not place his hands behind his back. Emergency Medical Services ("EMS") personnel arrived approximately fifteen minutes after initiation of the contact. EMS personnel decontaminated Mr. Reindl by applying water to his face, and he was subsequently transported to a local hospital.

Within a week of the incident, Mr. Reindl allegedly suffered from an infection in the leg that bore the brunt of the assault. Plaintiffs contend that Mr. Reindl's recovery from that infection was only partial. Plaintiffs allege that several months after the incident, Mr. Reindl suffered a second infection to his leg which ultimately caused his death. While Plaintiffs' complaint does not provide the date of Mr. Reindl's death, Plaintiffs' response to Defendants' motion to dismiss asserts that Mr. Reindl died on August 25, 2003.[2] Plaintiffs filed this action on December 6, 2004.

## II. Standard of Review

A rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery. Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." Swanson v. Bixler, 750

---

[2] The court recognizes that "[o]n a motion to dismiss under Rule 12(b)(6) . . . , the [c]ourt cannot consider allegations or evidence outside of the pleadings." Jackson v. City of Kansas City, Kan., No. 99-2344-KHV, 2000 WL 574986, at *2 (D. Kan. Apr. 6, 2000) (citing Lowe v. Town of Fairland, 143 F.3d 1378, 1381 (10th Cir. 1998)). For reasons of judicial economy, however, the court will accept the date Plaintiffs proffer regarding Mr. Reindl's date of death. Moreover, Defendants' reply brief does not dispute this date.

F.2d 810, 813 (10th Cir. 1984) (citation omitted). The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed. Id. (citation omitted). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support her claims. Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982).

### III. Discussion

#### A. Claims Under One-Year Statute of Limitations

Defendants argue that Plaintiffs' assault, battery, false imprisonment, libel, slander, and malicious prosecution claims are barred under the one-year statute of limitations provided by K.S.A. § 60-514 because Plaintiffs did not file their case until December 6, 2004. Except for the malicious prosecution claim, Defendants contend that Plaintiffs' complaint indicates that these state law claims accrued on December 6, 2002, the date when Mr. Reindl was allegedly stopped, detained, beaten, and processed by Leavenworth police officers.

Plaintiffs respond with several arguments. They initially contend that their claims for assault, battery, false imprisonment, libel, slander, and malicious prosecution did not accrue on the date of Mr. Reindl's beating, but on the date of his death. Specifically, Plaintiffs believe that the "lesser torts" at issue "dovetail[ed]" together with their wrongful death claim. With regard to the assault and battery claims, Plaintiffs maintain that the extent of damages sustained by Mr. Reindl were not fully ascertainable until he died, which in turn created a cause of action for wrongful death. Plaintiffs argue that the interests of judicial economy would not be served for an

4

individual, such as Mr. Reindl, to file an action for battery and associated torts within the one-year statute of limitations, before the full extent of the individual's injuries could be assessed, and then to have the individual's estate later file a second cause of action for wrongful death under the same set of facts.  Next, as to the libel and slander claims, Plaintiffs concede that much of the allegations concerning their libel and slander claims occurred during the booking process, but "upon information and belief," they contend that the alleged libel and slander continued to occur for a period of months after Mr. Reindl's beating.  Plaintiffs state that through discovery they will ascertain the exact date when the alleged libel and slander ceased.  Finally, Plaintiffs submit that K.S.A. § 12-105b(d) and K.S.A. § 60-515 each provide a basis for tolling the statute of limitations. The court will address each argument in turn.

### 1. Date of Accrual

The court rejects Plaintiffs' argument that their assault, battery, false imprisonment, libel and slander claims accrued on August 25, 2003, the date Mr. Reindl died, i.e. the date their wrongful death claim accrued.  "Where a suit invokes several causes of action, each is subject to a distinct statute of limitations; thus, distinct accrual periods should apply as to each cause of action."  Tiberi v. Cigna Corp., 89 F.3d 1423, 1428 (10th Cir. 1996) (citing King v. Otasco, Inc., 861 F.2d 438, 441 (5th Cir. 1988)).  "This is true even if the causes of action are derived from a single event."  Id.  "Generally, a cause of action accrues as soon as the right to maintain an action arises, i.e. when the plaintiff could have first filed and prosecuted the action to a successful completion."  Clark Jewelers v. Satterthwaite, 662 P.2d 1301, 1304 (Kan. Ct. App. 1983) (citation omitted).

The court determines that Plaintiffs' assault and battery claims accrued on December 6, 2002, the date Defendants allegedly beat Mr. Reindl.  The court also concludes that Plaintiffs' false imprisonment claim accrued on December 6, 2002, because Plaintiffs' complaint alleges that Defendants committed that tort by unlawfully arresting Mr. Reindl and subsequently confining him.  As to the libel and slander claims, Plaintiffs' complaint alleges that "various defendant police officers" committed those torts "[i]n the course of 'processing' Mr. Reindl" "on the scene."  Only now do Plaintiffs argue in response to Defendants' motion to dismiss that the alleged libel and slander continued for months after Mr. Reindl's beating.  The court concludes that the libel and slander claims alleged in Plaintiffs' complaint accrued on December 6, 2002.  If through discovery Plaintiffs learn of facts subsequent to Mr. Reindl's processing sufficient to state a claim for libel or slander, then they may seek to amend their complaint.  See Wright v. Bachmurski, 29 P.3d 979, 984 (Kan. Ct. App. 2001) (citation omitted) ("Each communication of a defamatory statement to a third person generally constitutes a new publication and gives rise to a separate cause of action against the publisher.").  Finally, the court is unable to determine from Plaintiffs' complaint when the malicious prosecution claim accrued.  Plaintiffs' complaint generally alleges that "Defendants caused, or attempted to cause, charges to be filed against Mr. Reindl constituting malicious prosecution."  Defendants, however, may move to dismiss this claim on a later motion after they discover the time frame of this alleged conduct.

Accordingly, unless Plaintiffs' tolling arguments have merit, Plaintiffs' claims for assault, battery, false imprisonment, libel, and slander are barred under the one-year statute of limitations.

2. Tolling Under K.S.A. § 12-105b(d)

Plaintiffs argue that K.S.A. § 12-105b, which required them to provide notice of their claims to Defendants before filing suit, tolled the statute of limitations for 120 days during the pendency of the municipal administrative process. Plaintiffs state that Mr. Reindl died on August 25, 2003, commencing the one-year statute of limitations period. On December 5, 2003, 102 days later, Plaintiffs contend that they submitted notice to Defendants under K.S.A. § 12-105b, tolling the statute of limitations. Plaintiffs then assert that the statute of limitations did not begin to run again until April 5, 2004. Plaintiffs filed this case 245 days later on December 6, 2004. Thus, Plaintiffs argue that none of their claims are barred because only 347 days ran for statute of limitations purposes.

Plaintiffs' claim that K.S.A. § 12-105b(d) tolled the statute of limitations fails for two reasons. First, the argument is based on the assumption that Plaintiffs' claims accrued on August 25, 2003, as opposed to December 6, 2002. Additionally, even if Plaintiffs' claims accrued on August 25, 2003, K.S.A. § 12-105b(d) does not toll the statute of limitations under Plaintiffs' timeline.

Section 12-105b(d) provides, in part, that "[a]ny person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action." K.S.A. § 12-105b(d). "The notice of claim requirement in K.S.A. § 12-105b(d) affords a municipality an opportunity to review and investigate tort claims against it and to approve or deny such claims before having to litigate an action under the [Kansas Tort Claims Act]." King v. Pimentel, 890

7

P.2d 1217, 1225 (Kan. Ct. App. 1995). K.S.A. § 12-105b(d) further states that:

> [o]nce notice of claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing, whichever occurs first. . . . Any action brought pursuant to the Kansas tort claims act shall be commenced within the time period provided for in the code of civil procedure or it shall be forever barred, *except that, if compliance with the provisions of this subsection would otherwise result in the barring of an action, such time period shall be extended by the time period required for compliance with the provisions of this subsection.*

(emphasis added). Kansas courts have interpreted the italicized portion of K.S.A. § 12-105b(d) to toll the applicable statute of limitations where a plaintiff provides a municipality notice before the statute of limitations expires, and the municipality denies the claim (or 120 days passes) after the statute of limitations has run. Specifically, if a municipality rejects a notice of claim filed under K.S.A. § 12-105b(d) (or 120 days passes) after the statute of limitations has expired, Kansas courts hold that "the statute of limitations is extended by the amount of time that elapses between the filing of the notice of the claim with the governmental entity and [the] claimant's receipt of its denial, or 120 days, whichever occurs first." Cummings v. City of Lakin, 80 P.3d 356, 360 (Kan. 2003). The extension of time begins from the expiration of the original statute of limitations, and not from the time the claimant receives denial of the claim. Id. However, K.S.A. § 12-105b(d) does not extend the statute of limitations where the claimant files the notice of claim and the municipality denies the claim (or 120 days passes) before the statute of limitations expires. See Wohllaib v. Bd. of County Comm'rs of the County of Phillips, No. 87-2453-O, 1990 WL 26580, at *2 (D. Kan. Feb. 26, 1990) ("By its plain terms, the statute does not toll the running of the applicable statute of limitations. The *only* exception provided is when compliance with the

8

statute would itself preclude the timely filing of a lawsuit.") (emphasis added); <u>Martin v. Bd. of County Comm'rs of Johnson County, Kan.</u>, 848 P.2d 1000, 1005 (Kan. Ct. App. 1993) (citation omitted) (explaining that K.S.A. § 12-105b(d) creates a trap where notice is provided "'and the 120 days run[s] shortly before the statute of limitation[s] expires,'" as that situation "'would require an immediate filing upon the denial.'").

Under Plaintiffs' scenario, even if the claims at issue accrued on August 25, 2003, the date of Mr. Reindl's death, the one-year statute of limitations would not be tolled from December 5, 2003, the date Plaintiffs submitted notice to Defendants pursuant to K.S.A. § 12-105b(d), to April 5, 2004, the date that the 120-day period expired. In that situation, the 120-day period ends four months *before* the expiration of the statute of limitations on August 25, 2004. (emphasis added).

### 3. Tolling Under K.S.A. § 60-515

Plaintiffs argue that assuming the court decides that Mr. Reindl's claims accrued prior to his death, the statute of limitations should be tolled pursuant to K.S.A. § 60-515. Section 60-515(a) provides that "if any person entitled to bring an action, . . . at the time the cause of action accrued or at any time during the period the statute of limitations is running, is . . . an incapacitated person . . . , such person shall be entitled to bring such action within one year after the person's disability is removed . . . ." Section 60-515(b) further provides:

> If any person entitled to bring an action dies during the continuance of any disability specified in subsection (a) and no determination is made of the cause of action accrued to the deceased, any person entitled to claim from, by or under the deceased, may commence such action within one year after the deceased's death, but in no event shall any such action be commenced more than eight years beyond the time of the act giving rise to the cause of action.

9

Plaintiffs allege that Mr. Reindl was physically disabled because the beating he suffered prevented him from managing his legal and economic affairs. They claim that "Mr. Reindl was extensively hospitalized during the months leading up to his passing," and thus, "until he passed away and the right of action passed to his mother and personal representative . . . [,] the statute of limitations should have been tolled." The court concludes that Plaintiffs' tolling under K.S.A. § 60-515 also fails.

"Under Kansas law, a party seeking to raise the tolling provisions provided by K.S.A. § 60-515 must assert the facts justifying its application in the complaint and, if not, an injured party stands in the position of a person possessing the attributes of a person with legal capacity." Lowe v. Surpas Res. Corp., 253 F. Supp. 2d 1209, 1249 (D. Kan. 2003) (citing Storts v. Hardee's Food Sys., Inc., 919 F. Supp. 1513, 1522 (D. Kan. 1996); Gardner v. Toyota Motor Sales, U.S.A., Inc., 793 F. Supp. 287, 289-90 (D. Kan. 1992); Seymour v. Lofgreen, 495 P.2d 969, 974 (Kan. 1972)). Plaintiffs first raised K.S.A. § 60-515 and Mr. Reindl's alleged legal disability in their response to Defendants' motion to dismiss. These additional allegations may not be considered on a motion to dismiss. Because Plaintiffs' complaint failed to plead the tolling provisions provided by K.S.A. § 60-515 and sufficient facts justifying its application, the court concludes that Plaintiffs' reliance on the statute fails.

The court would allow Plaintiffs to amend their complaint to add a good faith basis for tolling the statute of limitations under K.S.A. § 60-515, see Jackson, 2000 WL 574986, at *3 (permitting the plaintiff to amend his complaint to allege legal disability under K.S.A. § 60-515), except that the court determines that such amendment would be futile. Even assuming Mr. Reindl

10

was under a legal disability until August 25, 2003, the date of his death, K.S.A. 60-515(b) required Plaintiffs to commence this action within one year of that date, or August 25, 2004. Again, Plaintiffs did not file the present action until December 6, 2004. Moreover, for the same reasons discussed earlier, any potential argument by Plaintiffs that K.S.A. § 12-105b(d) tolled the statute of limitations for 120 days between December 5, 2003, and April 5, 2004, is contrary to Kansas law.

Accordingly, because Plaintiffs' tolling arguments fail, the court concludes that their assault, battery, false imprisonment, libel, and slander claims are barred under the applicable one-year statute of limitations.

### B. Claims Under Two-Year Statute of Limitations

Defendants also maintain that Plaintiffs' claims for outrage, negligent and intentional infliction of emotional distress, wrongful death, and violation of Mr. Reindl's privacy rights are barred under the two-year statute of limitations provided by K.S.A. § 60-513. Defendants state that, at first glance, these claims appear to be timely filed within the two-year period. Defendants, however, assert that Plaintiffs' complaint failed to plead compliance with K.S.A. § 12-105b(d)'s notice requirements, which they claim are mandatory and a condition precedent to filing a tort claim against a municipality and its employees. Defendants therefore argue that Plaintiffs' failure to plead compliance with K.S.A. § 12-105b(d) denies this court jurisdiction to hear those tort claims.

Plaintiffs argue that Defendant City of Leavenworth, Kansas was served with notice under K.S.A. § 12-105b(d) on December 5, 2003. They maintain that the failure to plead such

compliance in the complaint does not prevent the court from hearing their claims.

"'The notice requirements in § 12-105b(d) are mandatory and a condition precedent to bringing a tort claim against a municipality.'" Miller v. Brungardt, 916 F. Supp. 1096, 1099 (D. Kan. 1996) (citation omitted). Moreover, "[s]ection 12-105b(d) applies not only to claims against a municipality, but also to claims against municipal employees acting within the scope of their employment." Midwestern Motor Coach Co. v. Blattner, 2003 WL 21105083, at *4 (D. Kan. Apr. 10, 2003) (citing King, 890 P.2d at 1225).

Defendants are correct that Plaintiffs are required to plead compliance with K.S.A. § 12-105b in their complaint. Fed. R. Civ. P. 9(c) provides that "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." See Daniels v. Bd. of Trs. of the Herington Mun. Hosp., 841 F. Supp. 363, 367 (D. Kan. 1993) (citing Unified Sch. Dist. No. 457, Finney County, Kan. v. Phifer, 729 F. Supp. 1298, 1306 (D. Kan. 1990) (stating that "the requirements of § 12-105b are conditions precedent and thus must be pleaded in compliance with Fed. R. Civ. P. 9(c).")). Dismissal of Plaintiffs' claims, however, is not the appropriate course of action. See Tank v. Chronister, No. 95-1540, 1996 WL 473859, at *1 (D. Kan. June 20, 1996) (permitting the plaintiff to amend his complaint to plead compliance with K.S.A. § 12-105b(d) as required by Fed. R. Civ. P. 9(c)). Accordingly, the court grants Plaintiffs fifteen days from the date of this order to file an amended complaint to comply with Fed. R. Civ. P. 9(c).

### C.  Other Problems with Plaintiffs' Complaint

First, as Defendants' motion to dismiss points out, Plaintiffs' complaint alleges separate

counts for the torts of outrageous conduct, i.e. the tort of outrage, and intentional infliction of emotional distress. Under Kansas law, however, "the tort of outrage is the same as the tort of intentional infliction of emotional distress." Hallam v. Mercy Health Ctr. of Manhattan, Inc., 97 P.3d 492, 494 (Kan. 2004) (citing Dawson v. Prager, 76 P.3d 1036, 1046 (Kan. 2003)). Plaintiffs dispute that the Kansas Supreme Court held in Dawson that the tort of outrage and the tort of intentional infliction of emotional distress are different names for the same cause of action and that the elements are identical. To that end, Plaintiffs maintain "that the abusive conduct of the Leavenworth police was outrageous, in itself, and yet also constituted intentional infliction of emotional distress." Regardless of what Plaintiffs interpret Dawson to hold, the Kansas Supreme Court expressly recognized in Hallam that both causes of action are the same. Accordingly, Plaintiffs' amended complaint should not contain separate counts for outrage and intentional infliction of emotional distress.

Next, the court observes that Plaintiffs have sued the six Leavenworth police officers in both their official and individual capacities. "A suit against a municipal and a suit against a municipal official acting in his or her official capacity are the same." Watson v. Kansas City, Kan., 857 F.2d 690, 695 (10th Cir. 1988) (citations omitted). Plaintiffs' claims against the City of Leavenworth, Kansas and the six Leavenworth police officers in their official capacities are redundant. See Mabon v. Kansas City Bd. of Pub. Utils. for the City of Kansas City, Kan., No. 03-2181-KHV, 2003 WL 22466157, at *2 (D. Kan. Sept. 5, 2003) ("Dismissal of the official capacity suit . . . promote[s] judicial economy and efficiency, prevent[s] juror confusion, and streamline[s] the pleadings."). Thus, the court dismisses Plaintiffs' claims against the six

Leavenworth police officers in their official capacities.

Finally, Plaintiffs' complaint does not specify which claims are being brought by Plaintiff Kim Reindl, the representative of Mr. Reindl's estate, and which claims are being brought by Plaintiff Mary Joan Reindl, Mr. Reindl's mother. Plaintiff Kim Reindl is the appropriate party to bring any claims based on the deprivation of Mr. Reindl's rights, while any claims brought by Plaintiff Mary Joan Reindl must be based on the violation of her individual rights. Plaintiff Kim Reindl is the proper party to seek recovery under § 1983. See Berry v. City of Muskogee, 900 F.2d 1489, 1506-07 (10th Cir. 1990) (holding that the proper remedy in § 1983 death cases is a survival action brought by the estate of the deceased victim). Plaintiff Kim Reindl is also the proper party to bring a survival action for the remaining state law claims based on an alleged violation of Mr. Reindl's rights. See Mason v. Gerin Corp., 647 P.2d 1340, 1343 (Kan. 1982) ("A survival action allows the personal representative to recover damages accrued by the injured party between the date of injury and death for the benefit of the decedent's estate."). On the other hand, Plaintiff Mary Joan Reindl is the proper party to bring a wrongful death action against Defendants. See K.S.A. § 60-1902 (stating that a wrongful death claim "may be commenced by any one of the heirs of law of the deceased who has sustained a loss by reason of the death"). Thus, Plaintiffs' counsel is directed to file an amended complaint specifying the party plaintiff entitled to bring each claim.

IT IS, THEREFORE, BY THE COURT ORDERED that Defendants' motion to dismiss (Doc. 7) is granted in part and denied in part. Specifically, the court rules that: (1) Plaintiffs' assault, battery, false imprisonment, libel, and slander claims are barred under the statute of

limitations; (2) Defendants' motion to dismiss Plaintiffs' malicious prosecution, outrage, negligent and intentional infliction of emotional distress, right of privacy, and wrongful death claims is denied; (3) Plaintiffs shall amend their complaint to comply with Fed. R. Civ. P. 9(c); (4) Plaintiffs may not maintain separate causes of action for outrage and intentional infliction of emotional distress; (5) Plaintiffs' claims against the six Leavenworth police officers in their official capacities are dismissed; and (6) Plaintiffs' amended complaint shall specify the party plaintiff entitled to bring each claim.

IT IS FURTHER ORDERED that Plaintiffs shall have fifteen days from the date of this order to file an amended complaint consistent with this order.

Copies of this order shall be transmitted to counsel of record.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 22nd day of March 2005.

/s/ G.T. VanBebber
G. Thomas VanBebber
United States Senior District Judge