IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIM REINDL, et al.,              )
                                 )
            Plaintiffs,          )
                                 )
v.                               )    Case No.  04-2584-RDR
                                 )
CITY OF LEAVENWORTH, KANSAS,     )
et al.,                          )
                                 )
            Defendants.          )

## ORDER

Pursuant to D. Kan. Rule 7.3, this case comes before the court on plaintiffs' motion **(doc. 44)** for reconsideration of the court's June 9, 2005 order (doc. 38).  The court has reviewed plaintiffs' motion and supporting memorandum (doc. 45), as well as defendants' response (doc. 48).  Plaintiffs have not filed a reply brief, and the time for doing so has passed.[1]  For the reasons set forth below, plaintiffs' motion for reconsideration will be denied.

On June 9, 2005, pursuant to Fed. R. Civ. P. 37(a)(2)(B), the court granted defendants' motion (doc. 34) for an order compelling the plaintiffs to fully answer defendants' written discovery, and for fees and expenses incurred to attain the relief requested.  Because defendants had failed to file any timely opposition to the motion to compel, and as provided in D. Kan. Rule 7.4, the court granted defendants' motion as unopposed.  The court ordered

---

[1] *See* the court's order of June 22, 2005, expediting plaintiffs' time for filing a reply brief to June 30, 3005 (doc. 47).

plaintiffs to fully respond to defendants' discovery requests by June 20, 2005.  The court also ordered plaintiffs to show cause why defendants' attorney's fees should not be assessed as a sanction against plaintiffs.

By way of the instant motion, plaintiffs' counsel advises that he failed to timely respond to the motion to compel because he calendared his response deadline as June 27, 2005, rather than May 27, 2005.  Plaintiffs' counsel argues that attorney error led to the failure to timely respond and that the court's order on the motion to compel should be reconsidered in order to avoid manifest injustice.

D. Kan. Rule 7.3, in pertinent part, provides:

> A party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge.
> . . . .
> (b) . . . A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[2]  A motion to reconsider gives the court the opportunity to correct manifest errors of law or fact and to review newly discovered evidence.[3]   A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or

---

[2] *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[3] *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

applicable law or if the party produces new evidence that could not have been obtained through the exercise of due diligence.[4]

The court concludes that plaintiffs have not met their burden to prove that reconsideration is warranted in this case. Nothing in the record indicates that the court's order should be revisited in light of a mistake of law or fact, an intervening change in law, or newly discovered evidence. Moreover, even if the court were to reconsider defendants' motion to compel in light of plaintiffs' proposed response, the court's ruling on the motion would not change. Plaintiffs have presented no valid objections to defendants' discovery requests. Instead, plaintiffs have stated that the discovery requests seek information plaintiffs do not possess.

Nothing in the Federal Rules of Civil Procedure requires a party to produce documents or things outside the party's control, nor do the Rules require a party to provide answers to interrogatories if that party does not have the information sought. In short, plaintiffs can only answer a question if they know the answer. Therefore, if plaintiffs have truly already provided all information within their possession that is responsive to defendants' requests, they have fulfilled their obligation under this court's June 9, 2005 order.[5] To the extent that plaintiffs

---

[4] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994); *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981).

[5] Obviously, plaintiffs have a continuing obligation to supplement their discovery responses as they learn new information.

have not provided any responsive information within their control, they shall provide complete responses to defendants' discovery requests by **July 15, 2005.**[6]

Copies of this order shall be served on all counsel of record for the parties.

IT IS SO ORDERED.

Dated this 8th day of July, 2005, at Kansas City, Kansas.

                                              s/ James P. O'Hara
                                              James P. O'Hara
                                              U.S. Magistrate Judge

---

[6] Defendants have argued that plaintiffs' discovery responses are wholly inadequate. Defendants requests seek the salient facts supporting the claims in plaintiffs' complaint. For the most part, plaintiffs have completely failed to provide facts supporting their claims. While the court cannot compel plaintiffs to provide information outside their control, it notes that defendants may file a motion to strike any claims for which plaintiffs cannot present sufficient factual support, and that such a motion likely will be well-taken.