IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIM REINDL, et al.,                           )
                                              )
                          Plaintiffs,         )
                                              )
v.                                            )        Case No.  04-2584-RDR
                                              )
CITY OF LEAVENWORTH, KANSAS,                  )
et al.,                                       )
                                              )
                          Defendants.         )

## ORDER

The undersigned U.S. Magistrate Judge, James P. O'Hara, has been informed that all of the claims and issues in this case have settled, except for one item.  It concerns the amount that the plaintiffs, Kim Reindl and Mary Joan Reindl, are obligated to pay the defendants, the City of Leavenworth, Kansas, Lee Doehring, James Bridges, Wayne Flewelling, Sean Goecke, and Nicholas Nordmann, as a result of the order filed by the undersigned on August 23, 2005.[1]  On October 19, 2006, at the request of the parties' respective attorneys, the undersigned held a telephone hearing to address the above-described issue.  Plaintiffs appeared through counsel, Allen A. Ternent.  Defendants appeared through counsel, Michael K. Seck.  Messrs. Ternent and Seck acknowledged that the instant issue is non-dispositive within the meaning of 28 U.S.C. § 636 and agreed on behalf of their clients to submit the issue to the undersigned for clarification of his order and agree to be bound by such ruling.  This

---

[1] Doc. 77.

is with the further understanding that, sometime within the next ten days, the parties will file a stipulation for dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(ii) and, concurrent with said filing, tender a proposed corresponding order of dismissal to the chambers of the presiding U.S. Senior District Judge, Hon. Richard D. Rogers.

In addition to the court's order of August 23, 2005 (doc. 77), and the statements of counsel made during the October 19, 2006, hearing, the court has considered the letters submitted by counsel in advance of the hearing.  For benefit of the record, a copy of Mr. Seck's letter dated September 22, 2006 is attached to this order as Exhibit 1; a copy of Mr. Ternent's letter dated September 25, 2006 is attached to this order as Exhibit 2.  For the reasons explained below, the court generally concurs with the positions taken by Mr. Ternent on plaintiffs' behalf.

The facts material to the issue now before the court are as follows.  On August 8, 2005, plaintiffs filed a motion for leave to designate expert witnesses out of time.[2]  On August 23, 2005, the undersigned magistrate judge issued his order granting plaintiffs' motion on certain conditions.[3]  The relevant portions of that order are as follows:

> Therefore, despite plaintiffs' failure to show good cause, the court will exercise its inherent discretion and grant plaintiffs' motion to designate expert witnesses out of time (**doc. 73**). However, in granting their motion, the court believes it entirely appropriate to place stringent requirements on plaintiffs.
>        . . . .
> Defendants will incur additional expert witness expenses, certainly in the hundreds of dollars and perhaps as much as a few

---

[2] Doc. 73.

[3] Doc. 77.

thousand, in asking their previously retained and disclosed experts to modify their reports to take into account issues that presumably will be raised by plaintiffs' experts. The court believes it manifestly fair to try to ameliorate defendants' prejudice as a result of plaintiffs' above-described failure to meet the terms of the scheduling order. Therefore, plaintiffs shall be responsible for defendants' additional expenses. By **December 1, 2005**, defendants shall provide plaintiffs with a bill of expenses incurred in revising the defendants' expert reports. Plaintiffs shall pay defendants for all such costs by **December 15, 2005,** and shall file a certificate of service with the court indicating that the fees have been paid.

Defendants shall also have the opportunity, should they so choose, to depose any experts designated by plaintiffs. These depositions shall take place by **November 8, 2005.** As the discovery period has closed, however, and since plaintiffs are at fault for these delays, plaintiffs shall not be allowed to take any further discovery in this case, including but not limited to deposing defendants' experts.

The court is sensitive to the fact that plaintiffs might not be in the financial position to pay for defendants' expert fees in connection with revising reports. Nevertheless, the court's granting of plaintiffs' motion is specifically and expressly contingent upon plaintiffs timely payment of these expenses. If plaintiffs do not pay timely defendants' additional expert expenses, the court will not hesitate to strike the expert designations served by plaintiffs.[4]

Defendants assert that, in order to provide their experts sufficient information to update their reports, they needed to depose plaintiffs' experts, Dr. Peter Cristiano, who is located in Leavenworth, Kansas, and Edward Leach, who was located in Idaho. Thereafter, pursuant to the court's order, defendants filed their Notice of Bill of Expenses on November 30, 2005.[5] Also on November 30, 2005, defendants sent plaintiffs' counsel a letter to which they attached

---

[4] Doc. 77 at 10-11 (emphasis in original).

[5] Doc. 82.

an itemization and receipts of the expenses they had incurred.  Plaintiffs promptly paid the bill ($7,555.51).  However, plaintiffs now seek clarification of what expenses were intended by the court's ruling to be reimbursed.  Plaintiffs have no objection to reimbursing defendants for the costs incurred for their experts to revise their reports ($1,915.00).[6]  But they do object to paying the attorney's fees and expenses related to the depositions of Dr. Cristiano and Mr. Leach ($5,640.51).[7]  Plaintiffs argue that these fees and expenses are normal and expected expenses of discovery to defendants and that they do not believe it was the intent of the court to require them to bear such cost.  Plaintiffs further argue that to do so would constitute a "windfall" for defendants.

Upon review of the August 23, 2005 order, the court agrees that further clarification is warranted.  For several reasons, the court agrees with plaintiffs that the language of the above-referenced order was <u>not</u> intended to require plaintiffs to pay the attorney's fees and expenses and related fees associated with deposing Dr. Christiano and Mr. Leach.  Although the court's order did generally contemplate that defendants could depose plaintiffs' tardily disclosed  experts <u>if</u> they so desired, the order expressly stated that the expenses in question were to relate to having defendants' previously disclosed experts revise the latter's reports to

---

[6] November 30, 2005 letter from defendants' counsel to plaintiff's counsel: Item 2. Invoice of Dr. Stephen Hamburger, dated October 6, 2005- $316.25; Item  4. Invoice of Dr. Stephen Hamburger, dated October 12, 2005-$1,306.25; and Item 6. Expert fees-Steve Ijames-$292.50.

[7] November 30, 2005 letter from defendants' counsel to plaintiffs' counsel: Item 1. Deposition of Dr. Cristiano-court reporter fee- $307.75; Item 3. Dr. Cristiano deposition fee-$375.00; Item 5. Deposition of Edward Leach- court reporter fees- $357.50; Item 7. Attorney fees- $4,062.50; and Item 8. Leach deposition expenses (travel, airfare, etc.)- $537.76.

take into account the opinions of plaintiffs' experts, i.e., there is no language in the order which implied or from which it could reasonably be inferred that defendants would get to take "free" depositions of plaintiffs' experts.  Indeed, under Fed. R. Civ. P. 26(a)(2), the operating premise is that an expert's disclosure should be detailed enough that a subsequent deposition of the expert is the exception, not the norm.  Even assuming for the sake of discussion that defendants legitimately perceived that plaintiffs' expert disclosures were so deficient that as a practical matter the experts had to be deposed, the record confirms that defendants never made that known to the court before deposing those experts.  And finally, the $7,555.51 claimed by defendants far exceeds what the court said in its order would be a reasonable remedial sanction ("hundreds of dollars" at the low end, and "perhaps as much as a few thousand" at the upper end).   Therefore, out of the money previously paid by plaintiffs to defendants, within 11 days of the filing of this order, defendants shall return $5,640.51 to plaintiffs.

IT IS SO ORDERED.

Dated this 19th day of October, 2006, at Kansas City, Kansas.


                    s/ James P. O'Hara
                    James P. O'Hara
                    U.S. Magistrate Judge



**FPS&S**

Fisher, Patterson, Sayler & Smith, LLP

9393 W. 110th Street, Suite 300
Building 51 - Corporate Woods
Overland Park, Kansas 66210

Tel:   913-339-6757
Fax:   913-339-6187
www.fisherpatterson.com

*Offices located in Overland Park and Topeka, Kansas*

September 22, 2006

**VIA E-MAIL ONLY**:
Hon. James P. O'Hara
United States Magistrate Judge
United States District Court
District of Kansas
500 State Avenue, Suite 208
Kansas City, Kansas 66101
(913) 551-6710/Fax: (913) 551-6532
KSD_OHara_Chambers@ksd.uscourts.gov

　　　Re:　*Kim Reindl and Mary Joan Reindl v. James Bridges, et al.*
　　　　　Case No. 04-CV-2584-RDR-JPO, USDC for the District of Kansas;
　　　　　Claim No. GP09306973 09T033; Tracking No. MJ11521
　　　　　FPS&S File No. 40.25082 MKS

Dear Magistrate O'Hara:

　　　As you are probably aware this case has been resolved through settlement with the exception of one item related to expenses. In this case, the Plaintiffs' moved for leave to designate experts witnesses out of time (Doc. 73). In ruling on the Plaintiffs' Motion this Court granted the Motion based upon certain conditions. Those conditions are contained in your Order (Doc. 77) at pp. 10-11.

　　　As a result of the Court's Order, the Defendants' were required to depose Plaintiffs' experts Dr. Cristiano and Edward Leach in order to provide sufficient information for the update of expert opinions. Dr. Cristiano is located in Leavenworth, Kansas, and Edward Leach was located in Idaho.

　　　Thereafter, pursuant to the Court's Order, the Defendants filed their Notice of Bill of Expenses (Doc. 82), on or about November 30, 2005. Separately, the Defendants' provided to Mr. Ternent correspondence dated, November 30, 2005, attached, itemizing the expenses incurred by the Defendants that they would not have been required to incur but for the Plaintiffs' failure to designate experts. A copy of that letter is attached. The Plaintiffs paid the entire amount requested.

　　　Presently, the Plaintiffs ask this Court for clarification of its Order claiming that not all of the expenses paid should have been paid. The Defendants have no understanding of what portion of the list of expenses are in controversy. Nonetheless, the parties have agreed to submit this issue to the Court for clarification of its Order and agree to be bound by such clarification.

O0238763.WPD;1

**EXHIBIT 1**

Hon. James P. O'Hara
Magistrate Judge
September 22, 2006
Page 2

It cannot be disputed that the Defendants were required to incur travel expenses to Leavenworth, Kansas and Idaho for the deposition of Plaintiffs' experts. It cannot be disputed that the Defendants were required to pay court reporter fees and expert deposition fees for these depositions. Finally, it cannot be disputed that the Defendants were required to pay the additional fees of their experts, Dr. Stephen Hamburger and Steve Ijames. Thus, the only presumed point of dispute lies in the attorney fees.

As of the date of that the Court considered Plaintiffs' Motion for Extension of Time, the Defendants had already served on July 12, 2005, their Expert Designation (Doc. 53), setting forth the opinions of their experts. Thus, as of the date of the Defendants' Designation, they had not had to incur the expense of the deposition of Plaintiffs' experts. With the Court's Order, however, the Defendants did have to incur the expense of attorneys' fees associated with these depositions. These are fees that but for the Plaintiffs' failure to designate experts would not have been incurred by the Defendants. They are properly included within the bill of expenses and have been properly paid by the Plaintiffs.

It is the Defendants' position that this Court's Order correctly contemplated that the Plaintiffs' pay the additional attorneys' fees associated with the expert depositions because they were required solely because the Plaintiffs failed to timely designate their experts.

Very truly yours,

FISHER, PATTERSON, SAYLER & SMITH, LLP

/s/ Michael K. Seck

Michael K. Seck
E-mail: mseck@fisherpatterson.com

MKS/fff
Enclosure
cc:     (w/o encls.)
        Chuck Kautz
        Bob Beall
        Lee Doerhing
        Gary Ortiz
        James Bridges
        Wayne Flewelling
        Sean Goecke
        Nicholas Nordmann
        Allen Ternent

*Billing*

LAW OFFICES OF

# FISHER, PATTERSON, SAYLER & SMITH, L.L.P.

3550 SW 5th Street
Post Office Box 949
Topeka, Kansas 66601
(785) 232-7761
(785) 232-2604 - FAX
E-Mail: fpss@fisherpatterson.com

**51 Corporate Woods, Suite 300**
**9393 West 110th Street**
**Overland Park, Kansas 66210**
**(913) 339-6757**
**(913) 339-6187 - FAX**
**E-Mail: fpss@fisherpatterson.com**

☞ **Reply to: Overland Park Office**

9233 Ward Parkway, Suite 240
Kansas City, Missouri 64114
(816) 822-8073
(913) 339-6187 - FAX
E-Mail: fpss@fisherpatterson.com



November 30, 2005

**VIA FACSIMILE**:
Allen A. Ternent
**TERNENT LAW OFFICE**
321 N. 12th Street
PO Box 396
Atchison, Kansas 66002
(913) 367-1790/ Fax: (309) 214-9769
Ternentlaw@sbcglobal.net

Re:   *Kim Reindl and Mary Joan Reindl v. City of Leavenworth, Kansas, et al.*
U.S. District Court for the District of Kansas; Case No. 04-CV-2584-RDR-JPO
FPS&S File No. 40.25082 DSB/MKS

Dear Mr. Ternent:

Pursuant to the Court's Order of August 23, 2005 (Doc. 77), the following are the additional expenses incurred by the Defendants' associated with updating their expert reports, together with the supporting documentation:

|  |  |  |
|---|---|---|
| 1. | Deposition of Dr. Cristiano- court reporter fees | $307.75 |
| 2. | Invoice of Dr. Stephen Hamburger, dated October 6, 2005 | $316.25 |
| 3. | Dr. Cristiano deposition fee | $375.00 |
| 4. | Invoice of Dr. Stephen Hamburger, dated October 12, 2005 | $1,306.25 |
| 5. | Deposition of Edward Leach court reporter fees | $357.50 |
| 6. | Expert fees – Steve Ijames | $292.50 |
| 7. | Attorney fees | $4,062.50 |
| 8. | Leach Deposition expenses (travel, airfare, etc.) | $537.76 |
|  | **Total:** | **$7,555.51** |

Very truly yours,

FISHER, PATTERSON, SAYLER & SMITH, LLP

Michael K. Seck
E-mail: mseck@fisherpatterson.com

MKS/fff
cc:   Chuck Kautz

O0220612.WPD;1

# Metropolitan
## COURT ▼ REPORTERS

*Videography*  *Videoconferencing*

**9200 Indian Creek Parkway, Suite #205**
**Overland Park, KS 66210**

PHONE: 913-317-8800

FID: 36-3600268

FAX: 913-317-8850

Michael K. Seck *
Fisher, Patterson, Sayler - OP
& Smith
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, KS 66210

SEPTEMBER 28, 2005

**INVOICE#** 5794712

**BALANCE:** $307.75

**RE:** Kim and Mary Joan Reindl vs City of Leavenworth, Kansas,etal
*on 09/20/05 by* Marilyn Romine Mattix

## INVOICING INFORMATION

| CHARGE DESCRIPTION | AMOUNT |
|---|---|
| Deposition of  Peter Christiano, MD | |
| Transcript | 204.45 |
| Attendance | 60.00 |
| Signature | 20.00 |
| Exhibits | 15.30 |
| Postage/Delivery | 8.00 |

1.50% PER MONTH ON UNPAID BALANCE

P L E A S E   R E M I T   - - - >   TOTAL DUE:   $307.75

*PLEASE INCLUDE COPY OF INVOICE WITH REMITTANCE*

OK/JKL

DUE UPON RECEIPT
A service charge of 1-1/2% per month, 18% APR, will be added to all overdue accounts.
Also liable for all legal and collection fees.
THANK YOU FOR YOUR BUSINESS!

October 6, 2005

Fisher Patterson Sayler and Smith L.L.P.
c/o Michael Seck
51 Corporate Woods
Suite 300
9393 West 110th Street
Overland Park, Kansas 66210   Fax 913-339-6187
Re: Reindl
Dear Mr. Seck

I have had the opportunity to review the deposition of Peter Christenson MD and the attachments. My opinions are unchanged - actually reinforced. I spent 1.15 hours in this review. My hourly fee for review is $275.00. I would appreciate a check for $316.25 being sent as follows:

Stephen Hamburger M.D.
434 Liberty Lane Drive
Vestavia Hills, Alabama 35242-7544

OK
MCS

My Social Security Number is

Best Wishes
Stephen Hamburger M.D.

# Cristiano Family Medicine, PA

# INVOICE

1001 6th Ave, Suite 300
Leavenworth, KS  66048
Phone 913.682.5588   Fax 913.682.2698

**DATE:**   September 21, 2005
**DUE DATE:**   Due upon receipt

**Bill To:**
Fisher, Patterson, Sayler & Smith, LLP
51  Corporate Woods, Suite 300
9393 West 110th St
Overland Park, KS 66210

| DESCRIPTION | AMOUNT |
|---|---|
| Deposition – Kelly Reindl | $            375.00 |
| | |
| **TOTAL** | $            375.00 |

If you have any questions concerning this invoice, contact Accounting at 913.682.5588 x4159

October 12, 2005

Fisher, Patterson, Sayler & Smith, L.L.P.
c/o Michael Seck
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas 66210
Fax # 913-339-6187
Re: Rowell v. City of Leavenworth, et al

Dear Mr. Seck,

I have had the opportunity to develop my opinion letter and discuss the same within reference to the above matter. I spent 4.75 hours in this activity. My hourly fee for this is $275.00, I would appreciate a check for $1306.25 being sent as follows:

Stephen Hamburger M.D.
434 Liberty Lake Drive
Vestavia Hills, Alabama 35242-7544

My social security number is

Best Wishes
Stephen Hamburger M.D.

# TOP ( IDAHO COURT REPO_ ING

## CINDY F. HANOVER, C.S.R., R.P.R.

October 21, 2005

Michael K. Seck
Attorney at Law
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas  66210

Re:  Reindl v. City of Leavenworth, etc., et al.
     Case No. 04-02584-GTV-JPO

| Pages | Charges | Witness | Amount |
|---|---|---|---|
| 70(orig&copy) | $3.25 | Edward A. Leach | $227.50 |
| | | October 13, 2005 | |
| Exhibits | 5  (286 pgs.) | | $ 40.00 |
| Appearance fee | | | $ 90.00 |
| E-Tran | October 21, 2005 | | N/C |
| TOTAL DUE | | | $357.50 |

THANK YOU
ID CSR No. 689
18% annual (1.5% per month) and a $4.00 monthly rebilling fee on unpaid balances.

**11-28-05**

**Mr. Mike Seck**
**Fisher, Patterson, Sayler, and Smith, L.L.P.**
**51 Corporate Woods, Suite 300**
**Overland park, Kansas, 66210**

**Re: Riendl v. City of Leavenworth, Kansas, et al.**

**Dear Mr. Seck,**

**Pursuant to your request, I am submitting the following as additional time committed to supplementing my original report:**

**1.50 hours @ $195.00 per hour.**

**Total due: $292.50**

**Sincerely,**

**Major Steve Ijames**
**515 E. Charles Street**
**Republic, Mo. 65738**

**417-864-1754**
**lesslethal@aol.com**

1

mseck

Page No.: 1

ce No.: 40465

## PROFESSIONAL SERVICES

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 09/14/05 | MKS | Conference call with Dr Hamburger for review of points to cover in depo of plaintiff expert Christiano | 0.50 | $125.00 | $62.50 |

ce No.:  40465

| Date | | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 09/14/05 | MKS | E-mail to atty Ternent re depo of expert Christiano | 0.10 | $125.00 | $12.50 |
| 09/15/05 | MKS | Telephone conference with atty Ternent re depo of Dr. Christiano and his opinions | 0.20 | $125.00 | $25.00 |
| 09/15/05 | MKS | Correspondence to company and clients re opinions and depo of Dr. Christiano | 0.20 | $125.00 | $25.00 |
| 09/20/05 | MKS | Preparation for depo of Dr Cristiano -- review SRS, Providence, Cushing, KUMC, Kindred, and Cristiano medical records and designate docs for use as exhibits | 2.25 | $125.00 | $281.25 |
| 09/20/05 | MKS | Preparation of outline for depo of Dr Cristiano | 1.00 | $125.00 | $125.00 |
| 09/20/05 | MKS | Travel from Overland Park to Leavenworth Ks for depo (.75) Representation at depo of plaintiff expert Dr Christiano (1.25) Travel from Leavenworth to Overland Park (.70) | 2.70 | $125.00 | $337.50 |
| 10/11/05 | MKS | Preparation for deposition of plaintiff expert Leach -- review discovery responses, expert report, internet search for published articles, arrest reports; outline key points to cover | 1.10 | $125.00 | $137.50 |
| 10/12/05 | MKS | Travel from Overland Park to KCI | 0.75 | $125.00 | $93.75 |
| 10/12/05 | MKS | Travel from Overland Park to Denver, Spokane, Coeur d'Alene, Idaho | 9.00 | $125.00 | $1,125.00 |
| 10/12/05 | MKS | Continued preparation for depo of expert Leach -- review video and identify key times on video; outline additional points to cover | 0.50 | $125.00 | $62.50 |
| 10/13/05 | MKS | Travel to and representation at deposition of plaintiff expert Leach (2.50); Travel from Coeur d'Alene, Spokane, Denver, to Kansas City following deposition (11.50) | 14.00 | $125.00 | $1,750.00 |

ce No.: 40465

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 10/26/05 | MKS | E-mail to expert Ijames re plaintiffs expert opinions | 0.20 | $125.00 | $25.00 |

## EXPENSES ADVANCED

| Date | Description | Amount |
|------|-------------|--------|
| 10/12/05 | Meals - meal for attorney Seck in Spokane, WA. | $10.00 |
| 10/12/05 | Meals - meal for attorney Seck in Spokane, WA. | $6.00 |
| 10/12/05 | Airfare - United Airlines (Expedia) - travel for attorney Seck KCI to Spokane, WA. | $319.80 |
| 10/13/05 | Parking Fees - KCI | $36.00 |
| 10/13/05 | Meals - Lefty's - meal for attorney Seck at Spokane Int'l Airport. | $10.12 |
| 10/13/05 | Hotel - AmeriTel Inns - lodging for attorney Seck in Coeur D'Alene, ID. | $94.34 |
| 10/13/05 | Car Rental - Hertz - rental car for attorney Seck at Spokane Int'l Airport. | $55.78 |
| 10/13/05 | Car Rental - Sunset Foods - fuel for rental car for attorney Seck at Spokane Int'l Airport. | $5.72 |

Spokane, WA

 .Expedia.com®

**Flight:** Kansas City to Spokane                                                    back to top

Expedia.com Itinerary number: 114034802491
Expedia.com booking ID: 74Q2C9 (1)
Airline ticket number(s): Check back in 24 hours
United Airlines confirmation code: T0T0S2

Main contact:  MICHAEL Kenneth SECK
E-mail: mseck@fisherpatterson.com
Work phone: (913) 339-6767

## Traveler and cost summary

| MICHAEL SECK | Adult | Update Frequent Flyer number(s) | $254.88 |
|---|---|---|---|
| | | Taxes & Fees | $59.92 |
| | | Booking Fee | $5.00 |
| | | Total (American Express) | $319.80 |

Exchange this ticket   Request seat changes   Print a receipt   View cancellation information

## Flight summary

To verify flight information, you can check your flight status and departure gate online, or contact the airline directly. Seat assignments, meal preferences, and special requests must be confirmed with the airline; we cannot guarantee that they will be honored.

**Wed Oct-12-2005**

| Kansas City (MCI) Depart 9:40 am Terminal A | to | Denver (DEN) Arrive 10:26 am | 530 mi (853 km) Duration: 1hr 46mn |  Flight: 369 |
|---|---|---|---|---|

Economy/Coach Class ( 18B ), Boeing 737-300, 90% on time

| Denver (DEN) Depart 11:30 am | to | Spokane (GEG) Arrive 12:45 pm | 835 mi (1344 km) Duration: 2hr 15mn | Flight: 1211 |
|---|---|---|---|---|

Economy/Coach Class ( 13B ), Boeing 737-300, 70% on time

| Total distance: 1365 mi (2197 km) | Total duration: 4hr 1mn (5hr 5mn with connections) |
|---|---|

**Thu Oct-13-2005**

| Spokane (GEG) Depart 2:15 pm | to | Denver (DEN) Arrive 5:24 pm | 835 mi (1344 km) Duration: 2hr 9mn | Flight: 496 |
|---|---|---|---|---|

Economy/Coach Class ( 16C ), Boeing 737-300, 80% on time

| Denver (DEN) Depart 6:50 pm | to | Kansas City (MCI) Arrive 9:23 pm Terminal A | 530 mi (853 km) Duration: 1hr 33mn | Flight: 724 |
|---|---|---|---|---|

Economy/Coach Class ( Seat assignments upon check-in ⓘ More information ), Boeing 757-200, 20% on time

| Total distance: 1365 mi (2197 km) | Total duration: 3hr 42mn (5hr 8mn with connections) |
|---|---|

## Airline rules & regulations

- Ticket is nonrefundable. A fee of $100.00 will be charged for itinerary changes after the ticket is issued.
- In addition to any penalties imposed by the airline, a processing fee of up to $30.00 **per ticket** will be charged by Expedia for any changes you make to the flights in this itinerary. This fee is waived

```
ENTAL RECORD:        L- 5740404-1

SEC# /H
COMPLETED BY:              JLH
RENTED: Spokane International Airport
RENTAL:  10/12/2005   13:09
RETURN:  10/13/2005   18:69
VEHICLE: 099640.A
    05-JEEP-GR CHEROKEE-4DT-Retro
MILES IN: 6884  MILES     5737
MILES DRIVEN:   104
PLAN IN/OUT: NONA    NONA
CLS: D


   1 DAYS      41.99    41.99
SUBTOTAL                 41.99
CONCESSION FEE            6.70
ADDITION CHARGES (TX)      .68
TX 15.310% ON  48.37     7.41
TOTAL                   55.78
CHARGED ON ROT          55.78
```

```
KANSAS CITY
INTERNATIONAL AIRPORT
PARKING
Rcpt# 1364
10/13/05 22:30  L#10 AV 31   Txn# 11845
10/12/05 08:19 In   10/13/05 22:30 Out
Tkt# 304715
CASH PAID       $ 36.00-


THANK YOU
QUESTIONS/COMMENTS
CALL 816-243-5870
```

```
    SUNSET FOODS
    2627 N. SUNSET BLVD


DATE 10/13/2005 THU    TIME 10:41

GAS                      $14.28
TOTAL                    $14.28
CASH                     $20.00
CHANGE                    $5.72


CLERK 1         070371    00900
```

```
            CA ONE SERVICES INC.
        SPOKANE INTERNATIONAL AIRPORT
                 LEFTY'S

        3002 LINDA                   1

        4-863 OCT13'05 11:09AM


          1 Server Soda        2.15
          1 Chicken Ceasar     7.35

            Subtotal           9.50
            Total Tax          0.62
            Total Paid....   10.12
            CASH (PRT)        20.00
            Change Owed.....   9.88
        ---3002 CLOSED OCT13 11:35AM---

        ****************************
          PROVIDING CARE AND COMFORT
           TO PEOPLE AWAY FROM HOME
        ****************************

        We would like to hear from you.
        Please call 800-610-4CA1 or log
        on to www.CA1feedback.com with
        your comments or suggestions.
```



# AmeriTel Inns - Coeur d' Alene

333 Ironwood Ave.
Coeur d' Alene, ID 83814  (208) 665-9000

Michael Seck

10/13/05

Account #

Room #   Room: 227

| DATE | DESCRIPTION | CHARGES | PAYMENTS |
|------|-------------|---------|----------|
| 10/13/05 | American Express   EXPRESS CHECKOUT - Oct 13 2005  1:24AM | $0.00 | $94.34 |
| 10/12/05 | Room Charge    Room # 227 | $87.75 | $0.00 |
| 10/12/05 | Sales Tax    Room # 227 | $4.83 | $0.00 |
| 10/12/05 | State Lodging Tax    Room # 227 | $1.76 | $0.00 |

Balance Due        $0.00

In the event that I do not officially check out at my time of departure, or if I
incurred charges subsequent to my checkout, I hereby authorize you to
charge my credit card.  I further acknowledge, regardless of billing
instructions, that I am liable until the balance is  paid in full.

X _____

DOC.82

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**AT KANSAS CITY**

KIM REINDL, and )
MARY JOAN REINDL, )
     Plaintiffs, )
v. )
          )  Case No. 04-02584-RDR-JPO
CITY OF LEAVENWORTH, KANSAS, )
et al., )
     Defendants. )

ECF FILING
DATED 11/30/05
@11:42am CS

**NOTICE OF SERVICE OF BILL OF EXPENSES**

  COMES NOW the Defendants, by and through their counsel of record, and certifies and notifies the

Court and Plaintiffs' counsel that on this **30**[th] day of November, 2005, he electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which sent notification of such filing and served via

facsimile and U.S. Mail, postage prepaid, pursuant to this Court's Order of August 23, 2005 (Doc. 77), the

Defendants' copy of their bill of expenses associated with costs incurred to update expert reports, and this

Notice upon the following:

Allen A. Ternent, #16279
**TERNENT LAW OFFICE**
321 N. 12th Street
PO Box 396
Atchison, Kansas 66002
(913) 367-1790
Ternentlaw@sbcglobal.net
**Attorney for Plaintiffs**

        Respectfully submitted,

        FISHER, PATTERSON, SAYLER & SMITH, LLP

        /s/ Michael K. Seck
        David S. Baker, dbaker@fisherpatterson.com #70282
        Michael K. Seck, mseck@fisherpatterson.com #11393
        51 Corporate Woods, Suite 300
        9393 West 110th Street
        Overland Park, Kansas  66210
        (913) 339-6757 / (913) 339-6187 (FAX)
        ATTORNEYS FOR DEFENDANTS

O0220611.WPD;1

## Notices

2:04-cv-02584-RDR-JPO Reindl et al v. Leavenworth, Kansas, City of et al

### U.S. District Court

### District of Kansas

Notice of Electronic Filing

The following transaction was received from Seck, Michael entered on 11/30/2005 at 11:42 AM CST and filed on 11/30/2005

| | |
|---|---|
| **Case Name:** | Reindl et al v. Leavenworth, Kansas, City of et al |
| **Case Number:** | 2:04-cv-2584 |
| **Filer:** | Leavenworth, Kansas, City of |
| | Lee Doehring |
| | James Bridges |
| | Wayne Flewelling |
| | Sean Goecke |
| | Nicholas Nordmann |
| | David O'Brien |

**Document Number:** 82

**Docket Text:**
NOTICE OF SERVICE by Sean Goecke, Nicholas Nordmann, David O'Brien, Leavenworth, Kansas, City of, Lee Doehring, James Bridges, Wayne Flewelling of Bill of Expenses (Seck, Michael)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1028492125 [Date=11/30/2005] [FileNumber=796072-0
] [78982e4238aaafe01d137e23c242f99c348b0b16c94aa94a515682817547ae4f6df
a25dddfc2aec8ec658436f10fd77c46031c5c8b7c593e2b404b8764bdade6]]

**2:04-cv-2584 Notice will be electronically mailed to:**

David S. Baker      dbaker@fisherpatterson.com,

Michael K. Seck      mseck@fisherpatterson.com,

Allen A. Ternent      ternentlaw@sbcglobal.net, abternent@sbcglobal.net; gjmcanlup@hotmail.com

**2:04-cv-2584 Notice will be delivered by other means to:**

```
* * * COMMUNICATION RESULT REPORT ( NOV. 30. 2006   2:09PM ) * * *
```

FAX HEADER:  FISHER-PATTERSON

```
TRANSMITTED/STORED : NOV. 30. 2005 12:00PM
FILE MODE           OPTION              ADDRESS                    RESULT        PAGE
-------------------------------------------------------------------------------------
685  MEMORY TX                          G3 :13092149769            OK            17/17
                                        G3 :18009311018            OK            17/17
```

```
------------------------------------------------------------------------------------
REASON FOR ERROR
    E-1) HANG UP OR LINE FAIL                E-2) BUSY
    E-3) NO ANSWER                           E-4) NO FACSIMILE CONNECTION
    E-5) MAIL SIZE OVER
```

LAW OFFICES OF
## FISHER, PATTERSON, SAYLER & SMITH, L.L.P

| | | |
|---|---|---|
| 3550 SW 5th Street | 51 Corporate Woods, Suite 300 | 9233 Ward Parkway, Suite 240 |
| Post Office Box 949 | 9393 West 110th Street | Kansas City, Missouri 64114 |
| Topeka, Kansas 66606 | Overland Park, Kansas 66210 | (816) 822-8073 |
| (785) 232-7761 | (913) 339-6757 | (913) 339-6187 - FAX |
| (785) 232-6604 - FAX | (913) 339-6187 - FAX | E-Mail: fpss@fisherpatterson.com |
| E-Mail: fpss@fisherpatterson.com | E-Mail: fpss@fisherpatterson.com | |

☞ **Reply to:  Overland Park Office**

## FACSIMILE TRANSMITTAL COVER SHEET

**CONFIDENTIALITY NOTICE:**  *The information contained in this facsimile message is attorney privileged and confidential information intended only for use of the individual or entity named below. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above Overland Park address, via the U.S. Postal Service.  Thank you.*

TO:   Allen A. Ternent                         Fax: (309) 214-9769
CC:   Charles Kautz                            Fax: (800) 931-1018

FROM:  Faith Farlough for Michael K. Seck
RE:    *Kim Reindl and Mary Joan Reindl v. City of Leavenworth, Kansas, et al.*
       Case No. 04-CV-2584-GTV-JPO, USDC for the District of Kansas;
       Claim No. GP09306973 09T033; Tracking No. MJ11521
       FPS&S File No. 40.25082

DATE:   **11/30/2005**
MESSAGE: Please find enclosed Defendants' Notice of Service of Bill of Expenses, together with Mr. Seck's letter dated November 30, 2005 detailing the additional expenses incurred by Defendants in updating their expert reports and supporting documents.

We are transmitting ___17___ pages including this cover sheet.
IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CONTACT (9X3) 339-6757 AS SOON AS POSSIBLE.

HARD COPY MAILED - YES__x__ NO____

O0220721.WPD;1

# TERNENT LAW OFFICE
### 321 North 12th Street
### P.O. Box 396
### Atchison, Kansas 66002

Allen A. Ternent

Telephone  (913) 367-1790
Facsimile   (309) 214-9769

September 25, 2006

Honorable James P. O'Hara
United States Magistrate Judge
208 Robert J. Dole U.S. Courthouse
500 state Avenue
Kansas City, Kansas 66101
(913) 551-6710
ksd_ohara_chambers@ksd.uscourts.gov

RE:   CLARIFICATION OF THE COURT'S ORDER REGARDING REIMBURSEMENT FOR
      THE COSTS OF DEFENDANTS' EXPERTS TO REVISE THEIR REPORTS IN REINDL
      V. CITY OF LEAVENWORTH, ET AL  (CASE NO. 04-2584-RDR)

Dear Judge O'Hara:

As I am sure you are aware, the Parties in Reindl v. City of Leavenworth et al Case No. 04-
2584-RDR reached a settlement agreement in this case. The sole remaining issue, which the
Parties agreed to submit to your Honor for clarification, involves the Parties' differing
interpretations of your Order of August 23, 2005 providing for reimbursement of Defendants'
costs relating to the modification of their experts witness  reports.

In very brief summary of the events leading to your Honor's ruling, Plaintiffs filed a Motion for
leave to designate expert witnesses out of time to which Defendants objected. Your Honor
granted Plaintiffs' Motion but observed that "[D]efendants will incur additional **expert witness
expenses**, certainly in the hundreds of dollars and perhaps as much as a few thousand, **in
asking their previously retained and disclosed experts to modify their reports** to take
into account issues that presumably will be raised by plaintiffs' experts." (Order, Document
77, pg. 10, emphasis added.)  In recognition of the same, your Honor ruled that  "[T]he court
believes it manifestly fair to try to ameliorate defendants' prejudice as a result of plaintiffs'
above-described failure to meet the terms of the scheduling order. Therefore, plaintiffs shall
be responsible for defendants' additional expenses. By December 1, 2005, defendants shall
provide plaintiffs with a bill of **expenses incurred in revising the defendants' expert
reports**." (Id., emphasis added.) Your Honor further ruled that "[T]he court is sensitive to the
fact that plaintiffs might not be in the financial position to pay for **defendants' expert fees in
connection with revising reports**. Nevertheless, the court's granting of plaintiffs' motion is
specifically and expressly contingent upon plaintiffs timely payment of these expenses. (Id. at
pg. 11, emphasis added.)

EXHIBIT 2

In conformance with your Honor's ruling and timeline, Defendants provided a bill of expenses to Plaintiffs.  Though the bill contained expense items that Plaintiffs did not believe were intended by your Honor's ruling to be reimbursed, Plaintiffs promptly paid the bill in full with the intention of seeking clarification from your Honor at a later date as to what might constitute overpayment.  We now seek such clarification.

Your Honor accurately predicted that a second set of reports would be generated by Defendants' experts in light of issues raised by Plaintiffs' expert witnesses and rightfully ruled that it was only fair for Plaintiffs to bear the cost for Defendants' experts to revise their reports as revisions would not have been necessary if Plaintiffs had designated their experts in conformance with the Pre-trial Order.  Plaintiffs therefore have no objection to items 2, and 6 of Defendants' statement which represent the additional cost to Defendants for their experts to revise their reports (see attachment "A" expense statement).  Similarly, though Dr. Stephen Hamburger indicated in his letter and bill to Defendants of October 6, 2005 that he had reviewed the deposition of Plaintiffs' non-retained medical expert and that his opinions were "unchanged" (arguably making revision of his initial report unnecessary), Plaintiffs do not object to paying for Dr. Hamburger's largely rhetorical analysis of Dr. Christiano's deposition represented by item number 4.  Plaintiffs do not believe, however, that the balance of the expenses, consisting entirely of deposition related expenses and attorney time associated therewith, were intended by your Honor to be the burden of the Plaintiffs.  Such would reduce the normal and expected expense of discovery to Defendants and would constitute a windfall rather than a fair amelioration of the prejudice to defendants represented by the additional expense of having their experts prepare revised reports.

In summary, at no point in your Honor's ruling did the Court order that Plaintiffs were to bear the cost for additional defense discovery.  Plaintiffs believe that your Honor's ruling is clear and that it only requires reimbursement to Defendants of the expense of having their experts generate revised reports.  We ask that you so confirm.

Respectfully,

Allen A. Ternent #16279
TERNENT LAW OFFICE
Attorney For Plaintiffs
E-mail: ternentlaw@sbcglobal.net

cc:    Michael K. Seck